# EXHIBIT A

Approved, SCAO

| STATE OF MICHIGAN | SUMMONS | CASE NO. |
|---|---|---|

**STATE OF MICHIGAN**
**JUDICIAL DISTRICT**
22nd  **JUDICIAL CIRCUIT**
**COUNTY PROBATE**

**SUMMONS**

**CASE NO.**
22-000853-NF
22-_____-NF
JUDGE TIMOTHY P. CONNORS

**Court address**
101 East Huron, Ann Arbor, MI 48104

**Court telephone no.**
(734) 222-3001

| Plaintiff's name(s), address(es), and telephone no(s). | | Defendant's name(s), address(es), and telephone no(s). |
|---|---|---|
| MEDICAL ALTERNATIVES, INC., a Michigan corporation | v | HORACE MANN INSURANCE COMPANY, a foreign insurance company<br><br>Service of Process:<br> Corporation Service Company<br> 2900 West Road, Suite 500<br> East Lansing, MI 48823 |

**Plaintiff's attorney, bar no., address, and telephone no.**
Stephen H. Sinas (P71039) / Lauren E. Kissel (P82971)
Sinas Dramis Law Firm
3380 Pine Tree Road
Lansing, MI 48911-4207  steveandstaff@sinasdramis.com
(517) 394-7500    laurenandstaff@sinasdramis.com

**Instructions:** Check the items below that apply to you and provide any required information. Submit this form to the court clerk along with your complaint and, if necessary, a case inventory addendum (form MC 21). The summons section will be completed by the court clerk.

**Domestic Relations Case**

☐ There are no pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

☐ There is one or more pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint. Attached is a completed case inventory (form MC 21) listing those cases.

☐ It is unknown if there are pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

**Civil Case**

☐ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035.

☐ MDHHS and a contracted health plan may have a right to recover expenses in this case. I certify that notice and a copy of the complaint will be provided to MDHHS and (if applicable) the contracted health plan in accordance with MCL 400.106(4).

☑ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.

☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has

been previously filed in ☐ this court, ☐ _____ Court, where

it was given case number _____ and assigned to Judge _____ .

The action ☐ remains ☐ is no longer pending.

Summons section completed by court clerk.  **SUMMONS**

**NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan you are notified:
1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons and a copy of the complaint to **file a written answer with the court** and serve a copy on the other party **or take other lawful action with the court** (28 days if you were served by mail or you were served outside this state).
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.
4. If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

| Issue date | Expiration date* 09-30-2022 | Court clerk /s/ Kim Plumb July 5, 2022 |
|---|---|---|

*This summons is invalid unless served on or before its expiration date. This document must be sealed by the seal of the court.

MC 01 (6/19) **SUMMONS**    MCR 1.109(D), MCR 2.102(B), MCR 2.103, MCR 2.104, MCR 2.105

**TO PROCESS SERVER:** You are to serve the summons and complaint not later than 91 days from the date of filing or the date of expiration on the order for second summons. You must make and file your return with the court clerk. If you are unable to complete service you must return this original and all copies to the court clerk.

### CERTIFICATE / AFFIDAVIT OF SERVICE / NONSERVICE

| ☐ **OFFICER CERTIFICATE** | OR | ☐ **AFFIDAVIT OF PROCESS SERVER** |
|---|---|---|
| I certify that I am a sheriff, deputy sheriff, bailiff, appointed court officer, or attorney for a party (MCR 2.104[A][2]), and that: (notarization not required) | | Being first duly sworn, I state that I am a legally competent adult, and I am not a party or an officer of a corporate party (MCR 2.103[A]), and that: (notarization required) |

☐ I served personally a copy of the summons and complaint,

☐ I served by registered or certified mail (copy of return receipt attached) a copy of the summons and complaint,

together with _____
List all documents served with the summons and complaint

_____ on the defendant(s):

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
| | | |
| | | |
| | | |

☐ I have personally attempted to serve the summons and complaint, together with any attachments, on the following defendant(s) and have been unable to complete service.

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
| | | |
| | | |
| | | |

I declare under the penalties of perjury that this proof of service has been examined by me and that its contents are true to the best of my information, knowledge, and belief.

| Service fee | Miles traveled | Fee | | Signature |
|---|---|---|---|---|
| $ | | $ | | |
| Incorrect address fee | Miles traveled | Fee | TOTAL FEE | Name (type or print) |
| $ | | $ | $ | |
| | | | | Title |

Subscribed and sworn to before me on _____, _____ County, Michigan.
Date

My commission expires: _____ Signature: _____
Date    Deputy court clerk/Notary public

Notary public, State of Michigan, County of _____

### ACKNOWLEDGMENT OF SERVICE

I acknowledge that I have received service of the summons and complaint, together with _____
Attachments

_____ on _____
Day, date, time

_____ on behalf of _____.
Signature

# STATE OF MICHIGAN

## IN THE CIRCUIT COURT FOR THE COUNTY OF WASHTENAW

---

MEDICAL ALTERNATIVES, INC.,
a Michigan corporation,

      Plaintiff,

22-000853-NF

v                          Case No. 22-_____-NF

HORACE MANN INSURANCE
COMPANY, a foreign insurance
company,

      Defendant.

JUDGE TIMOTHY P.
CONNORS

---

Stephen H. Sinas    (P71039)
Lauren E. Kissel    (P82971)
**Sinas Dramis Law Firm**
Attorneys for Plaintiff
3380 Pine Tree Road
Lansing, Michigan 4831
(517) 394-7500
steveandstaff@sinasdramis.com
laurenandstaff@sinasdramis.com

---

**S**INAS
**D**RAMIS
SINCE 1951

Lansing, Michigan
Grand Rapids, Michigan
Kalamazoo, Michigan
. Clair Shores, Michigan
Chicago, Illinois

sinasdramis.com

## COMPLAINT

THERE IS NO OTHER PENDING OR RESOLVED
CIVIL ACTION BETWEEN THESE PARTIES
ARISING OUT OF THE TRANSACTION OR
OCCURRENCE ALLEGED IN THIS COMPLAINT.

**NOW COMES** Plaintiff, Medical Alternatives, Inc., a Michigan corporation, by

and through its attorneys, the Sinas Dramis Law Firm, and, for its Complaint against the

above-named Defendant, Horace Mann Insurance Company, states as follows:

## GENERAL ALLEGATIONS

1.    Plaintiff Medical Alternatives, Inc. (hereinafter, "*Plaintiff*"), is a Michigan corporation that provides products, services, therapies, and accommodations for the care, recovery, and rehabilitation of individuals suffering from severe injuries.

2.    Defendant Horace Mann Insurance Company (hereinafter, "*Defendant*"), is a foreign insurance company, duly authorized to transact the business of automobile insurance in the state of Michigan and does regularly and systematically conduct business in Washtenaw County, Michigan.

3.    Defendant is contractually and statutorily liable for payment of "*allowable expenses*" incurred by Michael Underwood in connection with serious bodily injuries Michael Underwood sustained in motor vehicle accident that occurred *prior* to June 11, 2019.

4.    Plaintiff has provided reasonably necessary products, services, and/or accommodations to Michael Underwood for his care, recovery, or rehabilitation from the serious bodily injuries he sustained in the aforementioned accident.

5.    Since July 2, 2021, Defendant has failed and/or refused to pay in full or in part, or delayed in making payment, for Plaintiff's reasonable charges for the reasonably necessary products, services, or accommodations rendered to Michael Underwood for his care, recovery, or rehabilitation from the serious bodily injuries he sustained in the aforementioned accident.

**SINAS DRAMIS**
SINCE 1951

Lansing, Michigan

Grand Rapids, Michigan

Kalamazoo, Michigan

St. Clair Shores, Michigan

Chicago, Illinois

sinasdramis.com

6.      Further, to the extent it has issued payment, Defendant has attempted to apply the reimbursement limitations set forth in MCL 500.3157(7), as amended, effective June 11, 2019, to the aforementioned individuals' claims for "*allowable expense*" benefits.

7.      Defendant's application of the provisions of MCL 500.3157(7) to the aforementioned individuals' claims for no-fault PIP benefits is unlawful, illegal, or otherwise improper for any or all of the following reasons:

A.      The provisions of MCL 500.3157(7), as amended, effective June 11, 2019, cannot be retroactively applied to Michael Underwood because there is no specifically stated legislative intent set forth in these 2019 legislative amendments that clearly, specifically, and unambiguously authorize retroactive application of these provisions to Michael Underwood, and these provisions are, therefore, presumed, under Michigan common law, to have only prospective application to those persons who purchase automobile no-fault policies and sustain injuries after the effective date of those provisions.

B.      The provisions of MCL 500.3157(7), as amended, effective June 11, 2019, cannot be retroactively applied to Michael Underwood because to do so would unconstitutionally alter and/or impair his vested contractual rights in violation of the Contracts Clause set forth in Article I § 10 of the Michigan Constitution.

C.      The provisions of MCL 500.3157(7), as amended, effective June 11, 2019, cannot be retroactively applied to Michael Underwood because the Michigan No-Fault Act, as interpreted by appellate case law, controlled the contract entered into by and between Michael Underwood and Defendant and, therefore, subsequent legislative changes cannot alter the provisions of that contract, pursuant to binding Michigan appellate authority. *See, e.g., LaFontaine Saline, Inc v Chrysler Group,* 496 Mich 26 (2014).

D.      The provisions of MCL 500.3157(7), as amended, effective June 11, 2019, cannot be retroactively applied to Michael Underwood, because to do so would be an unconstitutional violation of the Equal Protection Clause set forth in Article I § 2 of the Michigan Constitution in that it reimburses patients who receive reasonably



SINAS
DRAMIS
SINCE 1951

Lansing, Michigan

Grand Rapids, Michigan

Kalamazoo, Michigan

St. Clair Shores, Michigan

Chicago, Illinois

sinasdramis.com

3

necessary non-Medicare compensable services at a lower rate than patients who receive reasonably necessary services compensable under the Medicare Act.

E.   The provisions of MCL 500.3157(7), as amended, effective June 11, 2019, cannot be retroactively applied to Michael Underwood, because to do so would be an unconstitutional violation of the Due Process Clause set forth in Article 1 § 17 of the Michigan Constitution in that it impairs Michael Underwood's access to medical care.

F.   The provisions of MCL 500.3157(7), as amended, effective June 11, 2019, cannot be retroactively applied to Michael Underwood because to do so would result in unjust enrichment to Defendant, who collected a premium when it sold the insurance policy that covered Michael Underwood which premium was paid as consideration for Defendant's promise to reimburse all reasonable charges for the reasonably necessary products, services, and accommodations for Michael Underwood's care, recovery, and rehabilitation without regard to any fee schedules.

G.   The provisions of MCL 500.3157(7), as amended, effective June 11, 2019, cannot be retroactively applied to Michael Underwood to do so would be in derogation of Michigan common law and the Michigan law of equity.

8.   The total amount in controversy herein exceeds the sum of $25,000.00, thereby properly vesting jurisdiction in this Honorable Court.

9.   To date, and because of Defendant's substantial reduced reimbursement rates set forth based on the application of 2019 PA 21, Plaintiff has suffered severe financial losses.

10.   Because of Defendant's decision to apply the new rules set forth in the No-Fault Act to the patients in this case, Plaintiff continues to suffer substantial financial harm and is severely impaired in its ability to provide quality services and care to patients suffering from bodily injuries.



SINAS
DRAMIS
SINCE 1951

Lansing, Michigan

Grand Rapids, Michigan

Kalamazoo, Michigan

St. Clair Shores, Michigan

Chicago, Illinois

sinasdramis.com

## COUNT I
### STATUTORY AND BREACH OF CONTRACT VIOLATIONS
### FOR FAILURE TO PROPERLY PAY MICHIGAN NO-FAULT PIP BENEFITS
### FOR TREATMENT RENDERED TO PATIENT MICHAEL UNDERWOOD

11.     Plaintiff incorporates and adopts, by reference, each and every allegation contained in paragraphs 1 through 10 of the preceding paragraphs, as though fully set forth herein.

12.      On or around August 31, 1996, Michael Underwood sustained accidental bodily injuries arising out of a motor vehicle accident that occurred in the state of Michigan.

13.     Michael Underwood is entitled to no-fault PIP benefits from Defendant pursuant to a contract of no-fault insurance issued by Defendant prior to June 11, 2019.

14.     Michael Underwood's contractual rights to no-fault PIP benefits from Defendant arising out of the aforementioned motor vehicle accident vested as of the date of that accident. *See, e.g., Cason v Auto-Owners Ins Co,* 181 Mich App 600 (1989) and *Universal Underwriters Grp v Allstate Ins Co,* 246 Mich App 713 (2001).

15.     The aforementioned insurance contract obligated Defendant to pay for "*allowable expenses,*" which were defined to include "*all reasonable charges*" by MCL 500.3107(1)(a) as it existed at the time that contract was entered into, incurred by Michael Underwood for treatment relative to the injuries he sustained in the aforementioned accident.

16.     Michael Underwood is also statutorily entitled to no-fault PIP benefits from Defendant under the relevant provisions of the No-Fault Act. *See, e.g., MCL 500.3114.*



**SINAS DRAMIS**
SINCE 1951

Lansing, Michigan

Grand Rapids, Michigan

Kalamazoo, Michigan

St. Clair Shores, Michigan

Chicago, Illinois

sinasdramis.com

17.     Pursuant to and in recognition of its contractual and statutory obligations, Defendant has paid certain no-fault PIP benefits to or for the benefit of Michael Underwood in the past, under claim number F35518.

18.     Following the aforementioned motor vehicle accident, Plaintiff provided products, services, and/or accommodations to Michael Underwood relative to the serious bodily injuries he sustained in the aforementioned accident.

19.     The products, services, and/or accommodations that Plaintiff has rendered to Michael Underwood were reasonably necessary for his care, recovery, or rehabilitation from the serious bodily injuries he sustained in the aforementioned accident.

20.     Plaintiff's charges for the treatment rendered to Michael Underwood are reasonable and have been incurred by Michael Underwood.

21.     Plaintiff has routinely submitted bills and medical records to Defendant relative to the treatment it has rendered to Michael Underwood.

22.     The bills and medical records described above constitute *"reasonable proof of the fact and the amount of the loss"* as required by §3142 of the No-Fault Act.

23.     Yet, despite receiving the aforementioned *"reasonable proof"* more than 30 days before the filing of this Complaint, Defendant has failed and/or refused to pay Plaintiff in full or in part for the *"allowable expenses"* owed.

24.     Instead, Defendant appears to have applied the reimbursement limitations set forth in MCL 500.3157(7), as amended, effective June 11, 2019, to Plaintiff's reasonable charges for treatment rendered to Michael Underwood on or after July 2, 2021.



SINAS
DRAMIS
SINCE 1951

Lansing, Michigan

Grand Rapids, Michigan

Kalamazoo, Michigan

St. Clair Shores, Michigan

Chicago, Illinois

sinasdramis.com

25. For any or all of the reasons stated in paragraph 7 above, Defendant cannot lawfully apply the reimbursement limitations set forth in MCL 500.3157(7), as amended, effective June 11, 2019, to Michael Underwood's claim for no-fault PIP benefits.

26. In the alternative, even if Defendant were permitted to apply the reimbursement limitations set forth in MCL 500.3157(7) to Michael Underwood's claim for no-fault PIP benefits, Defendant failed to apply those limitations properly and in accordance with that statutory provision in calculating and/or making payment to Plaintiff for the treatment rendered to Michael Underwood since July 2, 2021.

27. Payment by Defendant of the unpaid no-fault PIP benefits described above is authorized under and required by the No-Fault Act and the aforementioned contract of insurance that Defendant issued prior to June 11, 2019.

28. Defendant's failure and/or refusal to pay in full or in part for the "*allowable expenses*" incurred by Michael Underwood and owed to Plaintiff, and/or its unreasonable delay in making payment of those expenses, is unreasonable, unjustified and in direct violation of its obligations under the No-Fault Act and the aforementioned insurance contract.

29. The "*allowable expense*" benefits owed by Defendant for the treatment Plaintiff rendered to Michael Underwood are "*overdue*" within the meaning of MCL 500.3142.

30. Michigan appellate authority makes clear that an insurer is ***strictly liable*** for statutory penalty interest whenever a benefit is "*overdue.*" *See, e.g., Fortier v Aetna*



**SINAS DRAMIS**
SINCE 1951

Lansing, Michigan

Grand Rapids, Michigan

Kalamazoo, Michigan

St. Clair Shores, Michigan

Chicago, Illinois

sinasdramis.com

*Casualty & Surety Co,* 131 Mich App 784 (1984); *Cook v DAIIE,* 114 Mich App 53 (1982); *Nash v DAIIE,* 120 Mich App 568 (1982); and *Manley v DAIIE,* 127 Mich App 444 (1983).

31.     Defendant is liable for statutory interest at the rate of 12% per annum relative to Plaintiff's *"overdue"* charges for treatment rendered to Michael Underwood. *See, e.g.,* MCL 500.3142(4).

32.     Defendant is liable for reasonable attorney fees incurred in connection with this claim for *"overdue"* benefits as a result of its unreasonable failure and/or refusal to pay, or unreasonable delay in making payment of, those benefits.     *See, e.g.,* MCL 500.3148(1).

33.     Michael Underwood has assigned all of his present rights, privileges, and remedies, both statutory and contractual, to receive payment for certain past and presently due no-fault PIP benefits, as well as his right to recover penalty sanctions under §3142 and §3148 of the No-Fault Act to Plaintiff.  A copy of the *"Assignment of No-Fault Benefits"* agreement, transferring these rights to Plaintiff, is attached as ***Exhibit 1***.

**WHEREFORE,** Plaintiff respectfully requests that damages be awarded in its favor and against Defendant for the following:



**SINAS DRAMIS**
SINCE 1951

Lansing, Michigan

Grand Rapids, Michigan

Kalamazoo, Michigan

St. Clair Shores, Michigan

Chicago, Illinois

sinasdramis.com

A.     All no-fault PIP benefits found due and owing under the provisions of the Michigan No-Fault Automobile Insurance Act, MCL 500.3101, *et seq.,* as those benefits are more fully described in this Complaint.

B.     Statutory interest at the rate of 12% per annum on all overdue no-fault PIP benefits from the date that Defendant obtained reasonable proof of the fact and the amount of the claims, expenses, and losses in question pursuant to §3142 of the No-Fault Act.

C.  Reasonable attorney fees for Defendant's unreasonable refusal and/or unreasonable delay in making payment of PIP benefits pursuant to §3148 of the No-Fault Act, applicable Court Rules, and/or the common law.

D.  Pre-Complaint interest from the date the PIP benefits were due until the filing of Plaintiff's Complaint.

E.  Additional interest on civil judgments as allowed under the Michigan Revised Judicature Act.

F.  Any and all other relief as this Court determines to be fair, just, and appropriate under the facts and circumstances of this case.

G.  Taxable costs and other expenses as permitted by statute, court rule, and/or the common law.

Respectfully submitted:

**SINAS DRAMIS LAW FIRM**

Attorneys for Plaintiff

By:  **Stephen H. Sinas (P71039)**
3380 Pine Tree Road
Lansing, MI 48911-4207
(517) 394-7500

Dated: **July 1, 2022** `



**SINAS DRAMIS**

SINCE 1951

Lansing, Michigan

Grand Rapids, Michigan

Kalamazoo, Michigan

St. Clair Shores, Michigan

Chicago, Illinois

sinasdramis.com

# EXHIBIT 1

## ASSIGNMENT OF NO-FAULT BENEFITS

Patient Name: Michael Underwood
No-Fault Insurer: Horace Mann Insurance
Claim Number: F 35518
Dates of Service: 11-17-21 — PRESENT

Michael Underwood
WHEREAS , [Insert Patient's Name] (hereinafter *"the Patient"*) sustained severe

accidental bodily injuries in a motor vehicle accident that occurred on [Insert Date], and
OY-31-96

the Patient has a right to claim no-fault PIP benefits through a policy of no-fault insurance

issued by [Insert Insurer's Name] (hereinafter *"the Insurer"*) prior to June 11, 2019.
Medical Alternatives
WHEREAS, [Insert Provider's Name] (hereinafter "the Provider") has rendered

products, services, or accommodations reasonably necessary for the Patient's care,

recovery, or rehabilitation of the Patient's injuries sustained in the aforesaid motor

vehicle accident.

WHEREAS, regarding the Provider's charges for products, services, or

accommodations rendered to the Patient after July 1, 2021, the Insurer has decided to

reduce the payments it was previously issuing to the Provider based on the Insurer's

belief that it is legally entitled to apply the new reimbursement limitations set forth in the

amended version of MCL 500.3157, enacted as part of Public Act 21 on June 11, 2019, to

the payment of those charges.

WHEREAS, the Patient and Provider believe that the Insurer's application of the

new reimbursement limitations set forth in the amended version of MCL 500.3157 is

unlawful and violates the Patient's rights under the insurance policy issued by the

Insurer.

WHEREAS, the Insurer's application of the new reimbursement limitations set forth in MCL 500.3157 to the Patient's charges incurred with Provider has resulted in financial detriment and/or other harm to the Provider, and despite said detriment and/or harm, the Provider has continued to render reasonably necessary products, services, and/or accommodations to the Patient.

THEREFORE, in consideration of the mutual covenants and undertakings of the parties as stated herein, the Provider and the Patient hereby agree as follows:

1. **Assignment of Rights and Benefits.** The Patient hereby assigns all of the Patient's present rights, privileges, and remedies, both statutory and contractual, to receive payment for certain no-fault PIP benefits for *"allowable expenses,"* as defined in §3107(1)(a) of the No-Fault Automobile Insurance Act *("the No-Fault Act"),* subject to the terms and conditions set forth below:

    A. The Provider and Patient understand and agree that this Assignment is valid as of the date of their signatures and shall only cover those past due and presently due no-fault PIP benefits incurred by Patient for products, services and/or accommodations rendered to Patient by the Provider, unless otherwise specified herein. The Provider and Patient understand and agree that, in accordance with MCL 500.3143, this is not an assignment of future no-fault benefits and is not intended to include any no-fault benefits which have not yet been incurred.

    B. This Assignment expressly includes the Patient's right to recover penalty sanctions under §3142 and/or §3148 of the No-Fault Act for delay in the payment and/or non-payment of those no-fault PIP benefits that are the subject of this Assignment.

    C. Notwithstanding anything to the contrary, the Provider and Patient understand and agree that the Patient will remain personally liable for the payment of Provider's charges that were incurred at the time services were rendered.

2. **Merger Clause.** This Agreement contains the entire understanding among the parties and replaces and supersedes any agreement(s) that may have been previously executed with regard to the matters addressed herein. To the extent that the terms and conditions of this Agreement conflict with those of any previously executed agreements, the provisions contained herein control.

3. **Severability Clause.** If a court of competent jurisdiction should deem any provision of this Agreement illegal, invalid or unenforceable, the remainder of the provisions shall remain in full force and effect and shall, in no way, be affected, impaired or invalidated.

EACH OF THE UNDERSIGNED HAS READ THE FOREGOING ASSIGNMENT OF BENEFITS, FULLY UNDERSTANDS IT, AND SIGNS IT FREELY AND VOLUNTARILY.

[PATIENT NAME]

By: _____

Its/His: _Companion_
TITLE

Dated: _6/14/2022_

[PROVIDER NAME]

By: _____, EO, RN, CBI_

Its: _MEDICAL ALTERNATIVES, INC_

Dated: _6-22-2022_

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF WASHTENAW

MEDICAL ALTERNATIVES, INC.,
a Michigan corporation,

|  |  |
|---|---|
| Plaintiff, | Case No. 22-000853-NF |
| v. | Hon. Timothy P. Connors |

HORACE MANN INSURANCE
COMPANY, a foreign insurance
company,

Defendant.

_____/

| | |
|---|---|
| STEPHEN H. SINAS (P71039) | A. ADAM POST II (P75321) |
| LAUREN E. KISSEL (P82971) | Zausmer, P.C. |
| Sinas Dramis Law Firm | Attorney for Defendant |
| Attorneys for Plaintiff | 32255 Northwestern Highway, Suite 225 |
| 3380 Pine Tree Road | Farmington Hills, MI  48334-1574 |
| Lansing, MI 48911 | (248) 851-4111 Fax: (248) 851-0100 |
| (517) 394-7500 | apost@zausmer.com |
| steveandstaff@sinasdramis.com | |
| laurenandstaff@sinasdramis.com | |

_____/

## **APPEARANCE**

TO:     Clerk of the Court
Counsel of Record

NOW COMES A. Adam Post, II of Zausmer, P.C., and hereby enters his Appearance as counsel on behalf of Defendant, HORACE MANN INSURANCE COMPANY, in the above-referenced matter.

Respectfully submitted,

ZAUSMER, P.C.

*/s/A. Adam Post, II*
A. ADAM POST, II (P75321)
Attorney for Defendant
32255 Northwestern Hwy., Ste. 225
Farmington Hills, MI 48334
(248) 851-4111 Fax: (248) 851-0100
Date: October 14, 2022           apost@zausmer.com

### PROOF OF SERVICE

The undersigned certifies that on, October 14, 2022 she served a copy of the foregoing document upon all counsel of record, via:

_____ First Class Mail      _____ Hand Delivery
_____ Facsimile      _____ Overnight Courier
_____ Email      __XX__ MiFile


*/s/ Hope Houle*
HOPE HOULE

Zausmer, P.C.
32255 Northwestern Highway, Suite 225, Farmington Hills, MI 48334-1574

Zausmer, P.C.

32255 Northwestern Highway, Suite 225, Farmington Hills, MI 48334-1574

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF WASHTENAW

MEDICAL ALTERNATIVES, INC.,
a Michigan corporation,

       Plaintiff,                     Case No. 22-000853-NF

v.                                       Hon. Timothy P. Connors

HORACE MANN INSURANCE
COMPANY, a foreign insurance
company,

       Defendant.

_____/

STEPHEN H. SINAS (P71039)       A. ADAM POST II (P75321)
LAUREN E. KISSEL (P82971)      Zausmer, P.C.
Sinas Dramis Law Firm            Attorney for Defendant
Attorneys for Plaintiff              32255 Northwestern Highway, Suite 225
3380 Pine Tree Road               Farmington Hills, MI 48334-1574
Lansing, MI 48911                 (248) 851-4111 Fax: (248) 851-0100
(517) 394-7500                    apost@zausmer.com
steveandstaff@sinasdramis.com
laurenandstaff@sinasdramis.com

_____/

## **DEFENDANT, HORACE MANN INSURANCE COMPANY'S ANSWER TO PLAINTIFF' S COMPLAINT**

    NOW COMES Defendant, HORACE MANN INSURANCE COMPANY, by and through their attorneys, ZAUSMER, P.C., and for their Answer to Complaint, states as follows:

## **GENERAL ALLEGATIONS**

    1.      That in answer to paragraphs 1, Defendant lacks the knowledge and information sufficient to form a belief as to the truth of the allegation.

    2.      That in answer to paragraphs 2, Defendant lacks the knowledge and information sufficient to form a belief as to the truth of the allegation.

{04556574}

3. That in answer to paragraphs 3, Defendant lacks the knowledge and information sufficient to form a belief as to the truth of the allegation.

4. That in answer to paragraphs 4, Defendant lacks the knowledge and information sufficient to form a belief as to the truth of the allegation.

5. That in answer to paragraphs 5, Defendant lacks the knowledge and information sufficient to form a belief as to the truth of the allegation.

6. That in answer to paragraphs 6, Defendant lacks the knowledge and information sufficient to form a belief as to the truth of the allegation.

7. That in answer to paragraphs 7, including subparagraphs (a) to (g), Defendant lacks the knowledge and information sufficient to form a belief as to the truth of the allegation.

8. That in answer to paragraphs 8, Defendant lacks the knowledge and information sufficient to form a belief as to the truth of the allegation.

9. That in answer to paragraphs 9, Defendant lacks the knowledge and information sufficient to form a belief as to the truth of the allegation.

10. That in answer to paragraphs 10, Defendant lacks the knowledge and information sufficient to form a belief as to the truth of the allegation.

## COUNT I: STATUTORY AND BREACH OF CONTRACT VIOLATIONS FOR FAILURE TO PROPERLY PAY MICHIGAN NO-FAULT PIP BENEFITS FOR TREATMENT RENDERED TO PATIENT MICHAEL UNDERWOOD

11. That in answer to paragraphs 11, Defendant repeats and realleges its answer to paragraphs 1-10 above, as it specifically repeated herein paragraph by paragraph and word for word.

12. That in answer to paragraphs 12, Defendant lacks the knowledge and information sufficient to form a belief as to the truth of the allegation.

Zausmer, P.C.
32255 Northwestern Highway, Suite 225, Farmington Hills, MI 48334-1574

13.     That in answer to paragraphs 13, Defendant lacks the knowledge and information sufficient to form a belief as to the truth of the allegation.

14.     That in answer to paragraphs 14, Defendant lacks the knowledge and information sufficient to form a belief as to the truth of the allegation.

15.     That in answer to paragraphs 15, Defendant lacks the knowledge and information sufficient to form a belief as to the truth of the allegation.

16.     That in answer to paragraphs 16, Defendant lacks the knowledge and information sufficient to form a belief as to the truth of the allegation.

17.     That in answer to paragraphs 17, Defendant lacks the knowledge and information sufficient to form a belief as to the truth of the allegation.

18.     That in answer to paragraphs 18, Defendant lacks the knowledge and information sufficient to form a belief as to the truth of the allegation.

19.     That in answer to paragraphs 19, Defendant lacks the knowledge and information sufficient to form a belief as to the truth of the allegation.

20.     That in answer to paragraphs 20, Defendant lacks the knowledge and information sufficient to form a belief as to the truth of the allegation.

21.     That in answer to paragraphs 21, Defendant lacks the knowledge and information sufficient to form a belief as to the truth of the allegation.

22.     That in answer to paragraphs 22, Defendant lacks the knowledge and information sufficient to form a belief as to the truth of the allegation.

23.     That in answer to paragraphs 23, Defendant lacks the knowledge and information sufficient to form a belief as to the truth of the allegation.

24.     That in answer to paragraphs 24, Defendant lacks the knowledge and information sufficient to form a belief as to the truth of the allegation.

Zausmer, P.C.

32255 Northwestern Highway, Suite 225, Farmington Hills, MI 48334-1574

25.     That in answer to paragraphs 25, Defendant lacks the knowledge and information sufficient to form a belief as to the truth of the allegation.

26.     That in answer to paragraphs 26, Defendant lacks the knowledge and information sufficient to form a belief as to the truth of the allegation.

27.     That in answer to paragraphs 27, Defendant lacks the knowledge and information sufficient to form a belief as to the truth of the allegation.

28.     That in answer to paragraphs 28, Defendant lacks the knowledge and information sufficient to form a belief as to the truth of the allegation.

29.     That in answer to paragraphs 29, Defendant lacks the knowledge and information sufficient to form a belief as to the truth of the allegation.

30.     That in answer to paragraphs 30, Defendant lacks the knowledge and information sufficient to form a belief as to the truth of the allegation.

31.     That in answer to paragraphs 31, Defendant lacks the knowledge and information sufficient to form a belief as to the truth of the allegation.

32.     That in answer to paragraphs 32, Defendant lacks the knowledge and information sufficient to form a belief as to the truth of the allegation.

33.     That in answer to paragraphs 33, Defendant lacks the knowledge and information sufficient to form a belief as to the truth of the allegation.

WHEREFORE, Defendant denies that Plaintiff is entitled to judgement against them in any sum of money and prays that Plaintiff's case of action be dismissed and Defendant be awarded costs and reasonable attorney fees.

Respectfully submitted,

ZAUSMER, P.C.

*/s/A. Adam Post, II*
A. ADAM POST, II (P75321)
Attorney for Defendant
32255 Northwestern Hwy., Ste. 225
Farmington Hills, MI 48334
(248) 851-4111  Fax: (248) 851-0100
Date:   October 14, 2022                apost@zausmer.com

**PROOF OF SERVICE**

The undersigned certifies that on, October 14, 2022 she served a copy of the foregoing document upon all counsel of record, via:

_____ First Class Mail          \_\_\_\_\_ Hand Delivery
\_\_\_\_\_ Facsimile                   \_\_\_\_\_ Overnight Courier
\_\_\_\_\_ Email                       \_\_XX\_\_ MiFile

                   */s/ Hope Houle*
                   HOPE HOULE

Zausmer, P.C.

32255 Northwestern Highway, Suite 225, Farmington Hills, MI 48334-1574

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF WASHTENAW

MEDICAL ALTERNATIVES, INC.,
a Michigan corporation,

                Plaintiff,                    Case No. 22-000853-NF

v.                                        Hon. Timothy P. Connors

HORACE MANN INSURANCE
COMPANY, a foreign insurance
company,

                Defendant.

_____/

STEPHEN H. SINAS (P71039)          A. ADAM POST II (P75321)
LAUREN E. KISSEL (P82971)         Zausmer, P.C.
Sinas Dramis Law Firm              Attorney for Defendant
Attorneys for Plaintiff               32255 Northwestern Highway, Suite 225
3380 Pine Tree Road                 Farmington Hills, MI  48334-1574
Lansing, MI 48911                    (248) 851-4111 Fax: (248) 851-0100
(517) 394-7500                       apost@zausmer.com
steveandstaff@sinasdramis.com
laurenandstaff@sinasdramis.com

_____/

**AFFIRMATIVE DEFENSES**

      NOW COMES the Defendant, HORACE MANN INSURANCE COMPANY, by and

through its attorneys, ZAUSMER, P.C., and for its Affirmative Defenses lists the following:

      1.      The Michigan No-Fault Act bars the assignment of future benefits.  MCL 500.3143.

      2.      Plaintiff's Complaint fails as a matter of law because Plaintiff is not a third-party

beneficiary under the subject insurance policy.

      3.      Plaintiff's claim fails as a matter of law if Plaintiff did not attach the assignment

contract on which its claim is allegedly based, as required by MCR 2.113(F)(1).

4.      Plaintiff's assignment is invalid as a matter of law if it does not manifest the patient's intent to transfer the subject matter clearly and unconditionally to Plaintiff.

5.      There is no genuine issue as to any material fact and Defendant is entitled to judgment as a matter of law.  MCR 2.116(C)(10).

6.      Plaintiff's Complaint fails to state a claim upon which relief can be granted. MCR 2.116(C)(8).

7.      All reasonable and necessary benefits have been paid, and Defendant owes no further obligation to Plaintiff or to the patient.

8.      Plaintiff's Complaint fails as a matter of law because it is derivative of the no-fault claim of the patient, who was not involved in or injured in the motor vehicle accident as alleged, such that Plaintiff herein has/had no basis to provide medical treatment.  Plaintiff, therefore, is not entitled to any proceeds from Defendant.

9.      If discovery reveals that some or all of Plaintiff's claim is fraudulent or so excessive as to have no reasonable foundation in fact or law, including because the patient was not involved in or injured in the motor vehicle accident as alleged or because any injuries have or should have long since resolved such that Plaintiff has no basis to be providing additional medical treatment, then Defendant is entitled to a reasonable attorney's fee under MCL 500.3148(2).

10.     The patient and Plaintiff failed to use proper care and mitigate their damages and, therefore, Plaintiff may not be compensated for damages which result from the failure to use such care.

11.     Plaintiff's Complaint fails as a matter of law if Plaintiff did not provide written notice of loss within one year of the date of loss or due to expiration of the statute of limitations. MCL 500.3145.

Zausmer, P.C.

32255 Northwestern Highway, Suite 225, Farmington Hills, MI 48334-1574

12. If Plaintiff's damages were incurred more than one year before suit was filed, then some or all of Plaintiff's damages will be barred as a matter of law due to what is commonly known as the "one year back rule" set forth within MCL 500.3145.

13. Plaintiff's claim fails as a matter of law under MCL 500.3145 because Plaintiff failed to pursue the claim with reasonable diligence.

14. Plaintiff's Complaint fails as a matter of law because Plaintiff's claim is derivative of the no-fault claims of the patient. If the claim of the patient has a dispositive defect, such as coverage, violation of the statute of limitations, violation of the "one year back rule," etc., Plaintiff's Complaint similarly fails due to its derivative nature.

15. Plaintiff has failed to support its claim with reasonable proof as to the fact and amount of loss. MCL 500.3142.

16. The benefits claimed due by Plaintiff are not past due, as those benefits have not yet accrued. MCL 500.3142(1).

17. The benefits claimed by Plaintiff are not past due, as Plaintiff has not provided Defendant with the required proof as to the reasonable necessity and amount of the alleged past due benefits.

18. Plaintiff's claim for interest and attorney's fees is barred as Plaintiff and the patient failed to comply with MCL 500.3142.

19. Michigan law forbids a party from receiving exemplary or punitive damages for the breach of a personal protection insurance contract.

20. Plaintiff's benefits are not past due, nor did Defendant unreasonably delay, or refuse to pay, those benefits as a reasonable question of entitlement or law existed regarding Plaintiff or the patient's claim, and Plaintiff is not entitled to attorney's fees. MCL 500.3148(1).

Zausmer, P.C.

32255 Northwestern Highway, Suite 225, Farmington Hills, MI 48334-1574

21.     The benefits sought by Plaintiff are unreasonable, unnecessary, or excessive, and are in contravention of the Michigan No-Fault Act. MCL 500.3107(a) and 500.3157.

22.     Defendant has complied with each applicable statute and insurance policy provision in the payment of the benefits sought by Plaintiff.

23.     Defendant is entitled to any set off, deduction, and limitation applicable to the payment of personal protection insurance benefits, as provided by the Michigan No-Fault Act.

24.     Plaintiff's Complaint fails as a matter of law under the doctrines of *res judicata* or collateral estoppel.

25.     Some or all of the charges submitted by Plaintiff are subject to a usual and customary reduction under the No-Fault Act such that the amount submitted by Plaintiff is exorbitant.

26.     Plaintiff lacks the legal capacity to sue, as the patient did not suffer an accidental bodily injury arising out of the ownership, operation, maintenance, or use of a motor vehicle as a motor vehicle, as required by MCL 500.3105(1).

27.     The injuries for which benefits are sought were not proximately caused by the accident complained of by the patient.

28.     A bona fide factual uncertainty exists as to whether or not Plaintiff is entitled to the receipt of any personal injury protection benefits, and, therefore, Defendant leaves Plaintiff to its proofs.

29.     Plaintiff or the patient concealed or misrepresented material facts and information, engaged in fraudulent conduct, or made false or fraudulent statements, in an effort to wrongfully obtain no-fault benefits and defraud Defendant.  These include, but are not limited to, the patient's claims as to his/her injuries, misrepresentations regarding his/her abilities following the accident,

and misrepresentations regarding the reasonableness and medical necessity of the medical treatment at issue. These misrepresentations bar the claim under the terms of the policy and Michigan common law.

30.    Plaintiff has failed to prove its entitlement to benefits from Defendant, consistent with the order of priorities listed in MCL 500.3114 and 500.3115.

31.    If the patient is a named excluded driver on the subject insurance policy and the patient was the owner or registrant of the vehicle involved in the subject accident, the patient would be considered uninsured and, therefore, neither the patient nor Plaintiff would not be entitled to PIP benefits under MCL 500.3113(b).

32.    The termination or denial of some or all of the patient's personal protection insurance benefits was based on a good faith question of constitutionality, statutory construction, or a bona fide factual uncertainty, and Plaintiff's claims for interest and attorney's fees are therefore barred.

33.    All injuries and claims for damages are due to pre-existing injuries or problems.

34.    The patient has a coordinated policy of insurance with Defendant, and Defendant's duty to reimburse Plaintiff has not arisen, as primary coverage from the patient's other insurer has not been sought.

35.    If discovery reveals that service of process of the Summons and Complaint on Defendant was deficient, then Plaintiff's claims will be barred.

36.    Plaintiff's Complaint is barred in whole or in part by the language of the subject policy of insurance.

37.    Plaintiff's Complaint is barred in whole or in part due to Plaintiff or the patient's failure to satisfy all conditions set forth within the subject policy of insurance.

Zausmer, P.C.
32255 Northwestern Highway, Suite 225, Farmington Hills, MI 48334-1574

38.     If the patient fails to appear for an independent medical evaluation in violation of both MCL 500.3151 and the subject policy of insurance, Defendant will be entitled to suspend all personal protection insurance benefits under *Roberts v Farmers Ins Exchange*, 275 Mich App 58, 737 NW2d 332 (2007).

39.     Each reasonably necessary benefit sought by Plaintiff as a result of the alleged accident has been paid for by Defendant in accord and satisfaction of the contract of insurance between the parties.

40.     Plaintiff's claim is barred under MCL 500.3112, as Defendant has already paid personal protection insurance benefits in good faith. Defendant is therefore discharged from further liability to Plaintiff.

41.     If the patient executes a release, Plaintiff's claims will be barred and Defendant will be entitled to summary disposition MCR 2.116(C)(7).

42.     If discovery reveals that the patient, in contravention of the Michigan No-Fault Act, was using a motor vehicle that the patient had taken unlawfully, Plaintiff will be barred from any form of recovery. MCL 500.3113(a).

43.     Defendant gives notice that it may rely on all applicable provisions of the Michigan No-Fault Act, MCL 500.3101 *et seq.*, as affirmative or other defenses in this case.

44.     Defendant reserves the right to add to and amend these Affirmative Defenses as additional facts and information are uncovered during discovery.

Zausmer, P.C.

32255 Northwestern Highway, Suite 225, Farmington Hills, MI 48334-1574

Respectfully submitted,

ZAUSMER, P.C.

*/s/A. Adam Post, II*
A. ADAM POST, II (P75321)
Attorney for Defendant
32255 Northwestern Hwy., Ste. 225
Farmington Hills, MI  48334
(248) 851-4111  Fax: (248) 851-0100
apost@zausmer.com

Date:   October 14, 2022

## **PROOF OF SERVICE**

The undersigned certifies that on, October 14, 2022 she served
a copy of the foregoing document upon all counsel of record,
via:

| | |
|---|---|
| _____ First Class Mail | \_\_\_\_\_ Hand Delivery |
| \_\_\_\_\_ Facsimile | \_\_\_\_\_ Overnight Courier |
| _____ Email | \_\_XX\_\_ MiFile |

*/s/ Hope Houle*
HOPE HOULE

Zausmer, P.C.
32255 Northwestern Highway, Suite 225, Farmington Hills, MI 48334-1574

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF WASHTENAW

MEDICAL ALTERNATIVES, INC.,
a Michigan corporation,

|  |  |
|---|---|
| Plaintiff, | Case No. 22-000853-NF |
| v. | Hon. Timothy P. Connors |

HORACE MANN INSURANCE
COMPANY, a foreign insurance
company,

Defendant.

_____/

| | |
|---|---|
| STEPHEN H. SINAS (P71039) | A. ADAM POST II (P75321) |
| LAUREN E. KISSEL (P82971) | Zausmer, P.C. |
| Sinas Dramis Law Firm | Attorney for Defendant |
| Attorneys for Plaintiff | 32255 Northwestern Highway, Suite 225 |
| 3380 Pine Tree Road | Farmington Hills, MI 48334-1574 |
| Lansing, MI 48911 | (248) 851-4111 Fax: (248) 851-0100 |
| (517) 394-7500 | apost@zausmer.com |
| steveandstaff@sinasdramis.com | |
| laurenandstaff@sinasdramis.com | |

_____/

## **JURY DEMAND**

NOW COMES the Defendant, HORACE MANN INSURANCE COMPANY, by and through its attorneys, ZAUSMER, P.C., and hereby demands a trial by jury in the above-entitled cause of action.

Respectfully submitted,

ZAUSMER, P.C.

*/s/A. Adam Post, II*
A. ADAM POST, II (P75321)
Attorney for Defendant
32255 Northwestern Hwy., Ste. 225
Farmington Hills, MI  48334
(248) 851-4111  Fax: (248) 851-0100
apost@zausmer.com

Date:   October 14, 2022

**PROOF OF SERVICE**

The undersigned certifies that on, October 14, 2022 she served a copy of the foregoing document upon all counsel of record, via:

_____ First Class Mail          \_\_\_\_\_ Hand Delivery
\_\_\_\_\_ Facsimile                 \_\_\_\_\_ Overnight Courier
_____ Email                   \_\_XX\_\_ MiFile

_____ */s/ Hope Houle* _____
HOPE HOULE

Zausmer, P.C.

32255 Northwestern Highway, Suite 225, Farmington Hills, MI 48334-1574